SUE FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar No. 5634
KIMBERLY M. FRAYN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Telephone: 702.388.6336
Kimberly.Frayn@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>PAUL ALEXANDER HODGE,<br><br>          Defendant. | Case No. 2:21-CR-00200-RFB-VCF<br><br>**Stipulation To Continue Supervised Release Revocation Hearing**<br>(Third Request) |

IT IS HEREBY STIPULATED AND AGREED, by and between Jason M. Frierson, United States Attorney, and Kimberly M. Frayn, Assistant United States Attorney, counsel for the United States of America, and Rene L. Valladares, Federal Public Defender and Benjamin F. Nemec, Assistant Federal Public Defender, counsel for Paul Alexander Hodge, ("Hodge"), that the supervised release revocation hearing in the abovementioned case, which is currently scheduled for February 4, 2025, be continued and reset to a date and time convenient to this Court, but not sooner than 90 days from the current hearing date for the following reasons:

     1.     On or about December 14, 2023, Hodge appeared on a criminal Complaint alleging that he committed Covid-19 Relief Funds Bank Fraud, a violation of 18 U.S.C. §

1344(2), and was released on conditions pending a preliminary hearing, which is presently scheduled for March 24, 2025.

2.     On or about December 13, 2023, a petition seeking to revoke Hodge's supervised release was filed. At the June 11, 2024 initial appearance, Hodge was released on bond pending a revocation hearing in this case, which is currently set for February 4, 2025 before this Court.

3.     The parties have agreed to continue the supervised release revocation hearing for at least 90 days. The parties have negotiated an agreed global resolution to include the revocation violations[1] and the fraud matter. The parties need additional time to reduce the agreement to writing and have the defendant plead guilty pursuant to the terms of the agreement to a criminal information containing charge in the complaint, Covid-19 Relief Funds Bank Fraud, in violation of 18 U.S.C. § 1344(2).

4.     If the defendant does not execute the agreement or if the Court does not accept his guilty plea, the parties will need additional time to adequately prepare for the revocation hearing.

5.     Government counsel is out of the district all next week and requests the continuance for continuity of counsel.

6.     The defendant is at liberty and will not be unduly prejudiced by the brief delay requested herein.

7.     The parties agree to the continuance.

8.     The additional time requested herein is not sought for purposes of delay, but merely to allow the parties government sufficient time within which to adequately prepare for the revocation hearing and to allow the government continuity of counsel.

---

[1] On or about December 14, 2023, a petition seeking to revoke Hodge's supervised release was also filed. The revocation hearing in that matter is currently set for February 18, 2025 in case number 2:21-cr-93-KJD-BNW.

1  Additionally, denial of this request for continuance could result in a miscarriage of

2  justice, and the ends of justice served by granting this request,

3  outweigh the best interest of the public and the defendant in a speedy hearing.

4        9.      This is the third stipulation to continue the hearing.

5        DATED this 31st day of January, 2025.

6                                              Respectfully submitted,

7

8    RENE L. VALLADARES                    SUE FAHAMI
     Federal Public Defender               Acting United States Attorney
9

10       /s/ Benjamin F. Nemec                 /s/ Kimberly M. Frayn
     By_____        By_____
11   Benjamin F. Nemec                     KIMBERLY M. FRAYN
     Assistant Federal Public Defender     Assistant United States Attorney
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                    3

1
2
3

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

4    UNITED STATES OF AMERICA,

5                    Plaintiff,

6            v.

7    PAUL ALEXANDER HODGE,

8                    Defendant.

Case No. 2:21-CR-00200-RFB-VCF

**Findings of Fact, Conclusions of Law and Order**

9

10

## FINDINGS OF FACT

11    Based on the pending Stipulation of counsel, and good cause appearing therefore,

12    the Court finds that:

13        1.    On or about December 14, 2023, Hodge appeared on a criminal Complaint

14    alleging that he committed Covid-19 Relief Funds Bank Fraud, a violation of 18 U.S.C. §

15    1344(2), and was released on conditions pending a preliminary hearing, which is

16    presently scheduled for March 24, 2025.

17        2.    On or about December 13, 2023, a petition seeking to revoke Hodge's

18    supervised release was filed. At the June 11, 2024 initial appearance, Hodge was released

19    on bond pending a revocation hearing in this case, which is currently set for February 4,

20    2025 before this Court.

21        3.    The parties have agreed to continue the supervised release revocation

22    hearing for at least 90 days. The parties have negotiated an agreed global resolution to

23    include the revocation violations[2] and the fraud matter. The parties need additional time

24    _____

25    [2] On or about December 14, 2023, a petition seeking to revoke Hodge's supervised release was also filed. The revocation hearing in that matter is currently set for February 18, 2025 in case number 2:21-cr-93-KJD-BNW.

26

to reduce the agreement to writing and have the defendant plead guilty pursuant to the terms of the agreement to a criminal information containing charge in the complaint, Covid-19 Relief Funds Bank Fraud, in violation of 18 U.S.C. § 1344(2).

4.    If the defendant does not execute the agreement or if the Court does not accept his guilty plea, the parties will need additional time to adequately prepare for the revocation hearing.

5.    Government counsel is out of the district all next week and requests the continuance for continuity of counsel.

6.    The defendant is at liberty and will not be unduly prejudiced by the brief delay requested herein.

7.    The parties agree to the continuance.

8.    The additional time requested herein is not sought for purposes of delay, but merely to allow the parties government sufficient time within which to adequately prepare for the revocation hearing and to allow the government continuity of counsel. Additionally, denial of this request for continuance could result in a miscarriage of justice, and the ends of justice served by granting this request, outweigh the best interest of the public and the defendant in a speedy hearing.

9.    This is the third stipulation to continue the hearing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## **ORDER**

2    THEREFORE, IT IS HEREBY ORDERED that the revocation hearing in the

3 above-captioned matters, currently scheduled for February 4, 2025, be vacated and

4 continued to a May 27, 2025 at 8:30 a.m.

5

6                                      ,

7

8

9    DATED February 3, 2025.

10

11

12    _____
   HONORABLE RICHARD F. BOULWARE, II
13    UNITED STATES DISTRICT COURT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26
                                  6